## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

THOMAS SHEPPARD,              Case No. 1:15-cv-543
     Petitioner,

                                 Barrett, J.

     vs.                      Bowman, M.J.

WARDEN, PICKAWAY            **REPORT AND**
CORRECTIONAL INSTITUTION,   **RECOMMENDATION**
     Respondent.

     Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This matter is before the Court on the petition, respondent's motion to dismiss, and petitioner's response in opposition.  (Docs. 1, 9, 11).

## I.    PROCEDURAL HISTORY

     On January 9, 2006, following a jury trial in Hamilton County, Ohio, petitioner was found guilty of aggravated burglary, kidnapping, theft of a motor vehicle, and receiving stolen property.  On January 11, 2006, he was sentenced to a total aggregate prison sentence of fifteen years.  *See Sheppard v. Warden*, Case No. 1:08-cv-298 (S.D. Ohio May 1, 2008) (Doc. 11, Ex. 3).

     On April 29, 2008, after pursuing relief in the Ohio courts, petitioner filed a pro se petition for a writ of habeas corpus in this Court, challenging his Hamilton County, Ohio convictions and sentence.  (*Id.,* Doc. 3).  The petition was dismissed with prejudice on March 25, 2010.  (*Id.*, Doc. 22, 23).

     On November 14, 2014, petitioner filed a motion for relief from judgment, requesting that his April 29, 2008 habeas corpus petition be reinstated.  (*Id.*, Doc. 32).  Petitioner sought to add the following five grounds for relief:

First Ground for Relief:  Sheppard has a due process right to have the correct definition of ORC § 2941.25(a) through the 2010 *Johnson* decision retrospectively applied to his case in accord with the principles set forth in *Fiore*, *Bunkley*, and *Agee*.

Second Ground for Relief:  The application of *Ali v. State of Ohio* violates the Supremacy, Due Process and Equal Protection Clauses of the United States Constitution because said case <u>directly</u> <u>conflicts</u> with *Fiore*, *Bunkley* and *Agee*.

Third Ground for Relief:  Any application of *res judicata* to a claim/issue that could not be foreseen violates due process.

Fourth Ground for Relief:  ORC § 2953.23(A)(1)(a)&(b) is unconstitutional upon its face and as applied because it contains no provision to bring a collateral challenge in accord with the principles set forth in *Fiore*, *Bunkley* and *Agee* and cannot serve as an adequate State corrective process for such styled claims.

Fifth Ground for Relief:  A retrospective application of the definitional correction of ORC § 2941.25(A) by the 2010 *Johnson* decision establishes that Sheppard's multiple convictions and consecutive sentences for kidnapping and aggravated burglary are in violation of the Double Jeopardy Clause.

(*Id.*).  On December 9, 2014, the Court adopted a Report and Recommendation finding that petitioner's new grounds for relief were successive and should be transferred to the Sixth Circuit Court of Appeals for determination whether petitioner should be authorized to file a successive petition.  (*Id.*, Doc. 35).  The motion was transferred to the Sixth Circuit for consideration as a motion to file a second or successive petition.

On May 19, 2015, the Sixth Circuit denied petitioner leave to file a second or successive petition.  (*Id.*, Doc. 37).  The Sixth Circuit ruled as follows:

We "may authorize the filing of a second or successive" habeas corpus petition only if the petitioner "makes a prima facie showing" that it contains a claim premised on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) new facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

2

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C).  Sheppard's motion does not meet this standard.

Sheppard relies mostly on an Ohio Supreme Court case, *Johnson*, as support for his motion.  But *Johnson* did not announce a new rule of constitutional law and the United States Supreme Court has not made *Johnson* retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(b)(2)(A).  The two United States Supreme Court cases on which Sheppard relies, *Fiore* and *Bunkley*, came down in 2001 and 2003, respectively, so they were "previously []available" before he even committed the crimes at issue here.  *Id.*

Accordingly, we deny Sheppard's motion for permission to file a second or successive habeas corpus petition.

(*Id.*).

Despite the Sixth Circuit's ruling, petitioner filed in this Court an "application for permission to file a second federal writ of habeas corpus without certification (as unnecessary) under the ripeness doctrine."  (*Id.*, Doc. 38).  Although petitioner raised precisely the same five grounds for relief, he argued that certification was not required because the claims were not ripe when his initial petition was decided.

On July 15, 2015, the magistrate judge granted petitioner's motion.  However, the Court noted that the second-in-time petition must be filed at the Cincinnati location of the court because that is the location which serves Hamilton County, the county of conviction.  (*Id.*, Doc. 40).

Petitioner subsequently filed the instant petition in this case, raising the same five grounds for relief as he raised in his motion for relief from judgment and motion for second or successive petition.  (Doc. 1).  Respondent has filed a motion to dismiss on the ground that the petition is successive and must be transferred to the Sixth Circuit.  (Doc. 9).

## II.      RESPONDENT'S MOTION SHOULD BE GRANTED

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition.  In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.  See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

Although petitioner attacks the same conviction and sentence he challenged in his first petition, he claims that certification is not necessary under section 2244(b) because his grounds for relief were not ripe at the time of his original petition.  Specifically, petitioner points out that *State v. Johnson*, 128 Ohio St. 3d 108 (Ohio 2010), the Ohio Supreme Court case upon which petitioner bases his claims, was not decided prior to dismissal of his prior petition.

4

The petitioner in a recent case, *Keeling v. Warden*, Case No. 1:08-cv-231 (S.D. Ohio Aug. 31, 2015) (Doc. 38), raised the same argument and the exact five grounds for relief as petitioner does in this action.  Magistrate Judge Litkovitz rejected the ripeness argument, finding that although a petition raising a claim that was unripe at the time of a prior petition is not successive, a change in the law does not present ripeness concerns:

> The undersigned agrees that a subsequent petition raising a claim that was unripe at the time the first petition was decided does not constitute a second or successive petition under § 2244(b).  *Cf. Panetti v. Quaterman*, 551 U.S. 930, 943-47 (2007) (holding that a petition filed by a death row inmate who claimed that he was mentally incompetent and thus could not be executed under *Ford v. Wainwright*, 477 U.S.  399 (1986), did not constitute a "second or successive" petition because, as the State had acknowledged, the *Ford* claim was "unripe" at the time the petitioner filed his first federal habeas petition challenging his conviction and sentence and did not become ripe until after the first petition had been decided on the merits); *Petaway v. United States,* ___ F. Supp.3d ___, No. 3:93CR746, 2015 WL 2365456, at *1 (N.D. Ohio May 18, 2015) (citing *Stewart*, 523 U.S. at 642; *In re Salem*, 631 F.3d 809, 813-15 (6th Cir. 2011)) ("a prisoner may file a second § 2255 motion without the court of appeals'[] permission where 'an event transpired after the initial petition[] w[as] filed . . . which caused a previously unripe claim to mature factually"); *see also United States v. Obeid,* 707 F.3d 898, 901-02 (7th Cir. 2013) (and cases cited therein); *Stewart v. United States*, 646 F.3d 856, 859-63 (11th Cir. 2011) (and cases cited therein); *Johnson v. Wynder*, 408 F. App'x 616, 618-19 (3rd Cir. 2010).
>
> However, the Supreme Court has also made it clear that a "purported change in the substantive law" cannot "be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the [United States] Supreme Court, that was previously unavailable.'" *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). As the Fifth Circuit explained in *Garcia v. Quaterman*, 573 F.3d 214, 221 (5th Cir. 2009):
>
> > Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition.  [The habeas petitioner's] view [of a case as requiring only a showing of unavailability of a claim at the time of his first habeas petition] would permit an end-run around § 2244.  The new rule of

5

> constitutional law would be non-successive because it was previously
> unavailable, so no authorization would be required. Were [the petitioner]
> correct, § 2244(b)(2) would be rendered surplusage.

(Emphasis in original). Therefore, courts have uniformly concluded that claims based on a subsequent change in the law do not pose ripeness concerns and instead require authorization from the circuit courts before they may be raised in a second federal habeas petition. *See, e.g., Johnson*, 408 F. App'x at 619 (holding that the district court properly determined that a habeas petition alleging an actual innocence claim based on a change in state law, which the petitioner argued should be applied retroactively to him, "was a 'second or successive' petition within the meaning of 28 U.S.C. § 2244(b)(2), and therefore [the petitioner] was required to seek leave from our Court before proceeding with that petition"); *Petaway, supra*, 2015 WL 2365456, at *2 (quoting *United States v. Claycomb*, 577 F. App'x 804, 805 (10th Cir. 2014)) ("'[w]hat makes a claim unripe,' at least for purposes of the exception to the bar on second or successive motions, 'is that the factual predicate has not matured, not that the law was unsettled' or has changed"); *Lucero v. Cullen*, No. 2:12-cv-0957-MCE-EFB P, 2014 WL 4546055, at *4-9 (E.D. Cal. Sept. 12, 2014) (holding in light of the "compelling evidence" provided by "the statutory language of § 2244" that the petitioner's "second-in-time" federal habeas petition raising a claim based on an intervening change in state law was a "second or successive" petition under that statute). *Cf. Obeid*, 707 F.3d at 902-03 (pointing out that "courts have been careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition," such as in *In re Page*, 170 F.3d 659, 660-61 (7th Cir. 1999), where the petitioner unsuccessfully sought to renew a claim in a second petition based on a change in state law).

*Id.* at pp. 10-13. Judge Litkovitz concluded that to the extent that the petitioner sought to assert claims challenging his convictions based on the *Johnson* decision, his petition was successive and required certification from the Sixth Circuit before it could be considered by this Court. *Id.* at 12-13.

The undersigned is persuaded by Judge Litkovitz's Report and Recommendation in *Keeling* and similarly concludes that this matter should be transferred to the Sixth Circuit as a successive petition. Petitioner attacks the same convictions and sentence that he challenged in

6

his prior petition and this Court's decision denying the prior petition on the ground that his claims were without merit or procedurally defaulted constitutes an adjudication on the merits.  *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"); *O'Hara v. Timmerman-Cooper*, No. 1:10-cv-369, 2011 WL 926048, at *2 (S.D. Ohio Jan. 5, 2011) ("The Court's decision denying the prior petition on the ground that some claims were procedurally defaulted and the others lacked merit constitutes an adjudication on the merits.").  Petitioner has not demonstrated that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable or that the factual basis for his claim could not have been discovered previously through the exercise of due diligence.

In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application.  Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby **RECOMMENDED** that respondent's motion to dismiss (Doc. 9) be **GRANTED**, to the extent that the petition for a writ of habeas corpus (Doc. 1) be

**TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the

Sixth Circuit for consideration whether the district court may review the petition in accordance

with 28 U.S.C. § 2244(b).

      **IT IS SO RECOMMENDED.**


                                    *s/ Stephanie K. Bowman*
                                   Stephanie K. Bowman
                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

THOMAS SHEPPARD,                                  Case No. 1:15-cv-543
      Petitioner,

                                            Barrett, J.

      vs.                                     Bowman, M.J.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).