UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Sheppard,

    Petitioner,                                       Case No.  1:15cv543

    v.                                               Judge Michael R. Barrett

Warden,
Pickaway Correctional,

    Respondent.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's February 5, 2016 Report and Recommendation ("R&R") recommending that Respondent's Motion to Dismiss (Doc. 9) be granted (Doc. 13); and the Magistrate Judge's February 5, 2016 Order denying as moot Petitioner's motions and requests for taking of judicial notice of adjudicative facts and motion to sever respondent's misjoinder of claims and parties (Doc. 14).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Petitioner filed timely objections to the Magistrate Judge's R&R and objections to the Magistrate Judge's Order.  (Doc. 16).

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district judge must review "de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); s*ee also* Fed. R. Civ. P. 72(a) (providing that a district judge shall consider a party's objections to a magistrate's order on a nondispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

Petitioner objects to the Magistrate Judge's conclusion that this matter should be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b). Petitioner argues that his petition is based upon newly ripened claims stemming from the Ohio Supreme Court's decision in *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010). However, as the Magistrate Judge explained, courts have uniformly concluded that a subsequent change in the law does not prevent the petition from qualifying as a second or successive petition within the meaning of § 2244(b)(3)(A). Moreover, in this instance, the Sixth Circuit has previously ruled that *Johnson* did not announce a new rule of constitutional law. (See Thomas Sheppard v. Warden, Lebanon Correctional Institution, Case No. 1:08cv298, PAGEID # 1129). Therefore, Petitioner is required to obtain authorization pursuant to § 2244 to file his claims stemming from the *Johnson* decision.

Petitioner also objects because the Magistrate Judge did not reach the issue of Respondent's *res judicata* defense or the merits of his newly ripened claims. However, it is unnecessary for this Court to rule on Respondent's *res judicata* defense or rule on the merits because this Court lacks jurisdiction to entertain Petitioner's application. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793, 799, 166 L. Ed. 2d 628 (2007).

Finally, Petitioner objects to the Magistrate Judge's order denying as moot Petitioner's motions and requests for taking of judicial notice of adjudicative facts and motion to sever respondent's misjoinder of claims and parties. (Doc. 14). However, because this Court does not have jurisdiction, it was unnecessary for the Magistrate Judge to rule on these motions. Therefore, it the Magistrate Judge properly denied the motions as moot.

The Court also finds that the Magistrate Judge properly recommended transferring Petitioner's petition to the Sixth Circuit. If a second or successive petition is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Based on the foregoing, the Magistrate Judge's February 5, 2016 R&R (Doc. 13) is hereby **ADOPTED**. It is hereby **ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**; and

2. The Clerk of the Court is **DIRECTED** to transfer Petitioner's application to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT